Caldwell v. Greely.

## J. C. CALDWELL, Respondent, v. A. L. GREELY, Appellant.

STATEMENT ON NEW TRIAL — SPECIFICATION OF INSUFFICIENCY OF EVIDENCE. On motion for new trial on the ground of insufficiency of the evidence, it is indispensable in the statement to designate the particulars in which the insufficiency consists.

ERRORS OF LAW TO BE POINTED OUT IN STATEMENTS. A statement on motion for new trial on the ground of errors in law must particularly designate the errors relied on, otherwise it will be disregarded.

FATAL DEFECTS IN STATEMENTS ON NEW TRIAL. If a statement on motion for new trial, on the grounds of insufficiency of evidence and errors in law, fail to specify the particulars in which the evidence is insufficient, and the particular errors in law relied on, an order denying such motion will not be disturbed in the Appellate Court, nor will any inquiry be made into the merits of the motion.

RECORD ON APPEAL FROM ORDER GRANTING OR REFUSING NEW TRIAL. On appeal from an order granting or refusing a new trial, the Appellate Court is confined in its investigations to the record used in the motion in the Court below.

APPEAL FROM PROCEEDINGS SUBSEQUENT TO ARGUMENT ON MOTION FOR NEW TRIAL. Proceedings occurring after the argument on motion for new trial can be brought to the attention of the Appellate Court only by means of a statement on appeal setting them out.

APPEAL FROM ORDER REFUSING AMENDMENT TO STATEMENT ON NEW TRIAL. Where, after argument on motion for new trial, a motion was made to .amend the statement, which was refused, and the transcript on appeal contained no further statement than that used on the motion for new trial: Held, that the merits of the application to amend could not be inquired into by the Appellate Court.

AMENDMENTS SHOULD BE LIBERALLY ALLOWED. Courts should be liberal in allowing amendments to defective statements on motion for new trial, etc., and should themselves suggest them whenever a defect or deficiency is apparent.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action for an accounting and reconveyance of real estate. The plaintiff had leased of defendant certain mills known as the " Petaluma," " Daney," and " Bowers," and worked them. Afterwards, in July, 1867, becoming financially embarrassed, he assigned all his property, real and personal, to defendant, who took possession and proceeded to pay off the claims against plaintiff.

Caldwell *v.* Greely.

Henry K. Mitchell, to whom the cause was referred, reported in favor of plaintiff for the reconveyance of real estate, and a money judgment of two hundred and eighty-one dollars and sixty-eight cents; and judgment was entered in accordance with the report. The statement on defendant's motion for new trial is described in the opinion.

*Hillyer, Wood & Deal,* for Appellant.

It was objected in the Court below that the statement on motion for new trial did not comply with the statute, in this, that it did not specify the particulars wherein the evidence was insufficient; and the Court below disregarded the statement and overruled the motion.    The same objection is insisted on in this Court.    We submit that we have specified all we are required by the statute to specify.    It is true, we might have covered a large space with what might be called specifications; but such specifications would have amounted to no more than the specifications we did make.    This Court, where it is asked to grant a new trial on the ground of insufficiency of evidence, is obliged, in coming to a decision, to review the whole testimony, even where it finds the most elaborate specifications.    (See *Barrett* v. *Tewksbury,* 15 Cal. 358; *Muhlenberg* v. *Florence,* 5 Ohio, 247; *Atchison* v. *Sutcliff,* 18 Ohio, 124.)

No specification can be suggested in this case that would amount to anything more than that in the record.

*Clayton & Davies,* for Appellant.

I.    What purports to be a statement on motion for new trial contains no specifications of the grounds upon which appellant intends to rely, and should therefore be disregarded.    (Practice Act, Secs. 197 and 332; *Barrett* v. *Tewksbury,* 15 Cal. 356; *Reynolds* v. *Lawrence,* 15 Cal. 361; *Nixon* v. *B. R. & A. H. & M. Co.,* 24 Cal. 372; *Hutton* v. *Reed,* 25 Cal. 433; *Walls* v. *Preston,* 25 Cal. 61; *Willard* v. *Hathaway,* 27 Cal. 119.; *Crowther* v. *Rowlandson,* 27 Cal. 376; *Love* v. *Sierra Nevada Co.,* 32 Cal.

Caldwell v. Greely.

650; *Barton* v. *Newman,* 34 Cal. 90; *Corbett* v. *Job et als., ante,* 201.)

II.   The motion to amend the statement on motion for new trial was properly refused.   It was made after the statement had been settled, and was properly refused because the Court had then lost jurisdiction, and could allow no addition to the statement.   (*Lobdell* v. *Hall,* 3 Nev. 525.)

III.   The proper practice is to raise the objection to want of specification on the argument as a reason why the motion for new trial should be denied.   (*Quivey* v. *Gambert,* 32 Cal. 304.)

By the Court, LEWIS, C. J.:

This appeal is taken from an order denying a new trial, and also from the judgment.   The statement on the motion assigned as the grounds upon which it was to be made:

1st.   Insufficiency of the evidence to justify the findings and report of the Referee.

2d.   Insufficiency of the evidence to justify the judgment; and that it is against law.

3d.   "The Referee erred in admitting certain testimony, to the admission of which the defendant objected and excepted, as shown in the foregoing statement."

These are the only grounds set out; and the statement contains no more particular specifications of the errors upon which the moving party intended to rely, or designation wherein the evidence was insufficient.   The law declares that when the notice of motion "designates as the ground upon which the motion will be made the insufficiency of the evidence to justify the verdict, or *other* decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient."   And again: "When the notice designates, as the ground of the motion, errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely."

Does the statement in this case meet these requirements of the law, in respect to the specifications?   Clearly not.   Insufficiency of the evidence to justify the findings, or judgment, is simply the

general ground upon which a new trial may be granted. The Practice Act requires something more : it makes it necessary to designate the particulars wherein the insufficiency consists. And this is held indispensable upon a like statute. (*Sanchez* v. *McMahon*, 35 Cal. 218; *Vilhac* v. *Biven*, 28 Cal. 409.) But it is argued for appellant that often, as is claimed to be the case here, no more particular specification can be made to illustrate the first two grounds. We can, however, conceive of no such case. Certain issues are always presented by the pleadings—consisting of facts averred by the plaintiff, and either denied, or confessed, and avoided by new matter in the answer; and the evidence is, or should be, directed to such issues. That the evidence is insufficient to justify the decision, or judgment, must therefore be the result either of an entire failure to produce proof in support of some one or all of the material facts constituting the cause of action, or defense; or if any be produced, that it was overcome by the testimony opposed to it. In either case, that fact may be stated. Thus, if the plaintiff failed to produce any proof whatever, in support of some facts material to his case, that may be stated, calling attention to the fact so unsupported by proof; or if instead of an entire absence of evidence in such case, it is claimed that the defendant's testimony outweighs that of the plaintiff, upon that particular issue, that fact could be mentioned; or if there is a failure of evidence upon all the issues; or if the evidence upon all is overcome by that opposed, that fact may likewise be stated. In this case, it would not have been very difficult to state that the Court, or Referee, in opposition to the evidence of the defendant, and without proof on the part of the plaintiff, or without sufficient proof on his part to overcome that of the defendant, rejected certain items of account, mentioning them. Or it might have been stated in general terms, that the evidence on behalf of the defendant established a demand against the plaintiff, amounting to a certain sum, but that the Court reduced such sum, without any evidence on behalf of the plaintiff to authorize it, or upon evidence insufficient to outweigh that of defendant. Nothing of the kind being attempted, the law was not complied with. So as to the third ground assigned. It is equally necessary to particularly specify the errors to be relied on. If the

error complained of be the improper admission of testimony, attention should be called to the particular evidence so admitted. However, if it were conceded that the general statement here made, to wit: that evidence was erroneously admitted and excepted to by the defendant, were sufficient, it would be of no avail to appellant, for he has neither relied on any such error in this Court, nor have we been able, upon looking over the transcript, to find any. We conclude, then, that the statement did not conform to the requirements of the law in this respect; and consequently, that it should have been disregarded by the Court below, and the motion decided as if no statement whatever had been filed—section one hundred and ninety-seven of the Practice Act expressly declaring that a statement deficient in this particular shall be disregarded. If so disregarded and the new trial be denied, the order denying it cannot be disturbed in the Appellate Court. The failure to specify the errors is a good ground, and sufficient authorization for such action of the Court; and therefore, when upon an appeal from such order it appears that the statement upon which the motion was made is deficient in this particular, the order will be affirmed without any inquiry into the merits of the motion. (*Wing* v. *Owen*, 9 Cal. 247; *Hutton* v. *Reed et al.*, 25 Cal. 478; *Walls* v. *Preston*, 25 Cal. 59.) It follows that the order denying the appellant's motion cannot be disturbed.

Whether the Court erred in refusing to allow the defendant to amend his statement by supplying the specifications, cannot be determined upon this record. The offer to do so was not made until the lapse of several days after the argument of the motion; and as there is no statement on appeal in the case, the fact that such offer was made is not properly before this Court. On an appeal from an order granting or refusing a new trial, the Appellate Court is confined in its investigations to the record used on such motion in the Court below. Such record is made the statement on appeal from the order. (Prac. Act, Sec. 197; *Quivey* v. *Gambert*, 32 Cal. 306.) But whether this be so or not, it is certain that proceedings occurring after the argument of the motion for a new trial can be brought to the attention of this Court only by means of an authenticated statement setting them out. The minutes of the Court

made after the submission of the motion do not come to this Court without a statement on appeal. The only minutes authorized to be brought up without it are such as may have been referred to or read upon the argument of the motion. (See same section.) Nor on an appeal from the judgment do they come up, without a statement. The judgment roll alone comes to the Court upon such appeal. Neither the amendments offered to be made, the notice which was given of the intended application to make them, nor indeed any of the proceedings after the argument of the motion, are brought up in any authentic manner in this case.

The action of the Court below upon the application to amend cannot therefore be inquired into. We have no hesitation in saying, however, that the Courts should be liberal in allowing amendments of this kind, and should themselves suggest them whenever a defect or deficiency is apparent.

It is not claimed that any error is apparent in the judgment roll, and we have been unable to discover any.

The judgment, together with the order denying the new trial, must be affirmed.