[No. 903.]

THOMAS M. DICK ET AL., RESPONDENTS, *v.* B. B. BIRD ET AL., APPELLANTS.

APPEAL FROM PART OF A JUDGMENT—JURISDICTION.—Where the notice of appeal specifies only a part of the judgment, and is served only upon the parties whose interests would be affected by a reversal of the part specified: *Held,* that this court has no jurisdiction over the other parties, or over the judgment in so far as it affects them.

WATER RIGHTS—FINDINGS SUSTAINED BY THE EVIDENCE—ASSIGNMENT OF ERRORS.—In reviewing the evidence as to the appropriation of water by the respective parties: *Held,* that certain findings were sustained by the evidence, except in immaterial particulars; and that other findings were not incorrect for any reason specified in the assignment of errors.

IDEM—STATEMENT—PARTICULARS MUST BE STATED.—A statement must specify the particulars in which the evidence is alleged to be insufficient, or it will be disregarded.

TITLE BY PRESCRIPTION.—Defendants used water from a certain stream for more than five years prior to the commencement of this action; plaintiffs had been using water from the same stream for a longer period. It did not appear that the use by defendants was adverse to the claims of plaintiffs for more than one or two years immediately prior to the commencement of this suit: *Held,* that defendants could not claim any title to the water by prescription.

APPEAL from the District Court of the Sixth Judicial District, White Pine County.

The facts sufficiently appear in the opinion.

*Robert M. Clarke,* for Appellants.

I. The decree in this case is void for uncertainty. It is essential to the validity of any decree or judgment that it

should show with reasonable certainty the nature and extent of the relief granted. (Freeman on Judgments, sec. 50; 1 Bailey (S. C.) 7; 16 Iowa, 47; *Honore* v. *Colmesnil*, 1 J. J. Marsh. 525.)

II. The testimony shows an adverse, open, continuous, notorious, and exclusive possession by appellants of the land described in their answer, and the water appropriated by them and their predecessors in interest for more than five years next preceding the commencement of this action.

III. The decree does not conform to the prayer of the bill, and is therefore erroneous. (*Ward* v. *Enders*, 29 Ill. 519; *Ohling* v. *Luitjens*, 32 Id. 23; *Fergus* v. *Tinkham*, 38 Id. 407; 39 Cal. 688.)

*J. B. Barker*, also for Appellants.

*A. M. Hillhouse*, for Respondent.

The notice of appeal in this case is only a complaint that Bird and Fitzhugh failed to get a prescriptive title, and an appeal from the order denying the motion for a new trial. Under this appeal, upon this statement there is nothing for this court to pass upon. (See 4 Nev. 456; *McWilliams* v. *Hirschman*, 5 Id. 363; Id. 205; *Caldwell* v. *Greeley*, Id. 258; *Sherman* v. *Shaw*, 9 Id. 148; *Irwin* v. *Samson*, 10 Id. 282, 283; 12 Id. 81, 84.)

By the Court, BEATTY, C. J.:

This is a suit in equity to determine the order of priority among numerous appropriators of the waters of Duck creek, in White Pine county.

Two of the defendants, Bird & Fitzhugh, moved for a new trial on the grounds: First, that the evidence was insufficient to justify the findings of the court to the effect that their appropriation was subsequent to the appropriations found to have been made by the plaintiffs and their co-defendant, Horton; and second, that the decision of the court was against law, because it was clearly proven upon the trial that they (Bird & Fitzhugh) were the first appropriators of two hundred inches of the stream, and had by use acquired title thereto by prescription.

Their motion for a new trial was denied, and they have appealed from that order, and also from so much of the judgment as decrees priority of right to Dick and Horton, and from so much thereof as deprives them of the amount of water they claim by prescription.

In support of this appeal two points have been urged by counsel for appellant, which, we think, can not be considered. They contend that the decree is void for uncertainty, because, instead of distributing the water by inches, it takes, as the basis of apportionment, the quantity necessary to irrigate an acre of ground; and that it is erroneous because it does not conform to the prayer of the complaint, the prayer being for a certain number of inches of water, and the decree being for sufficient water to irrigate a certain number of acres.

These are objections which go to the whole judgment and would, if sustained, reverse it completely, not only as against these respondents, Dick and Horton, but also as to numerous other parties whose rights have been litigated in the action and established by the decree, but upon whom no notice of appeal has been served.

A notice of appeal must be served upon the adverse party or his attorney (C. L., 1392), and must state whether the appeal is from the judgment or a part thereof. (Id.) If the appeal is from the whole judgment, every party whose interest in the subject-matter of the appeal is adverse to, or will be affected by, the reversal or modification of the judgment, is an "adverse party" in the sense of the code, and is entitled to notice of the appeal. (*Senter* v. *De Bernal*, 38 Cal. 640–1). For two reasons, then, there is in this case no appeal which would authorize us to reverse the whole judgment, even if we thought the objections of appellants were well founded. The notice of appeal specifies only a part of the judgment, and it was served only upon the parties whose interests would be affected by a reversal or modification of the part specified. We have no jurisdiction over the other parties, or over the judgment, so far as it affects them.

The notice of motion for new trial, also, was addressed to

and served on Dick and Horton alone, and there is, in fact, no complaint of the findings or conclusions of the court, except in so far as they affect the relative rights of the parties to this appeal. We shall therefore confine our inquiry strictly to the points made in support of the motion for a new trial.

There is an objection by counsel for respondent to a consideration of those points, upon the ground that the statement on motion for a new trial did not contain a specification of the particulars in which the evidence failed to justify the findings. This objection, however, is not well founded. The specifications in the statement, although not made in the form usually followed, are, nevertheless, clear and explicit, and respondents were fully advised thereby as to the points to be relied on in support of the motion.

The first objection to the findings is as follows: "The defendants, Bird & Fitzhugh, except to so much of the fifth finding of fact as finds that ' the defendants, Bird & Fitzhugh, and their predecessors in interest, in 1869, used very little, if any, water, but in 1870 used enough to irrigate fifty or sixty acres of grass land, the ditch to convey water not being built until that time. In 1871 and 1872 about the same and ten acres of grain and vegetables,' because the same is contrary to the evidence given on the trial of this cause in this," etc.

This finding is fully supported by the evidence except in one particular. The evidence shows that the predecessors of Bird & Fitzhugh irrigated ten acres of grain and vegetables in 1870, and not that they used water for that purpose in 1871 for the first time. But the error in the finding is immaterial, for it is found, and the evidence fully sustains the findings, that the plaintiff Dick and the defendant Horton made their appropriations earlier in 1870 than the predecessors of Bird & Fitzhugh made theirs on the most favorable view of their testimony. In other words, if the finding of the court had been that Bird & Fitzhugh appropriated water to irrigate ten acres of grain in the spring of 1870, the result, as between them and Dick and Horton, would have been the same, for the evidence fully sustains

the finding of the court that they had made their appropriations even earlier than that, and there is no finding that they increased their original appropriations prior to 1872.

The second finding complained of is to the effect that Dick's appropriation of water sufficient to irrigate two hundred and fifty acres of meadow and one hundred acres of grain, and Horton's appropriation of water sufficient to irrigate two hundred and fifty acres of meadow were prior to any appropriation by the predecessors of Bird & Fitzhugh. The specifications against this finding are as follows: " Because the same is contrary to the evidence given on the trial of this cause in this: That the evidence shows that defendants, Bird & Fitzhugh, appropriated the water of said creek in the month of May, 1869, and that the said William Horton and his predecessors in interest made no appropriation until after that date, and that the said plaintiff, Thomas M. Dick, made no appropriation of the waters of said creek until after the month of May, 1869."

It is true that neither Dick nor Horton claims under an appropriation as early as May, 1869; but Horton's appropriation dates back to the fall of 1869, and Dick's to February, 1870, while Bird & Fitzhugh's is not shown to have been made earlier than May, 1870. These facts are clearly shown by the evidence in the statement, and therefore the finding is not incorrect for any reason assigned in the specification above quoted. Counsel for appellant, however, contends in argument that the finding was erroneous for a reason not assigned in the statement, that is to say, because it gives priority to Dick for a larger amount of water than he had appropriated before Bird & Fitzhugh's appropriation was made. The statement may sustain this point, but it can not be considered. The positive rule of the statute (C. L. 1258) forbids it, and the reasons for enforcing the rule are as strong in this case as they ever are. Dick's stipulation that the statement is correct is qualified by the specifications, and we do not know that he would not have proposed and secured amendments as to the extent of his original appropriation if his attention had been called to that particular point. Under the specifications contained

in the statement he was bound to propose amendments, if necessary, to show the priority of his appropriation, but he was not bound to see to it, that the testimony as to the exact amount of his first appropriation was all fully set out. For these reasons we think appellant is not entitled to be heard on this point.

The next two exceptions of the appellants are to the refusal of the district judge to find that they made a larger and earlier appropriation than was actually found. As we have before said, the findings of the court upon this point were as favorable to appellants, except in one immaterial particular, as the evidence warranted, and the findings requested were properly refused.

The last exception is to the refusal of the court to find in favor of appellants upon their plea of title by prescription. The evidence in the statement justifies the court in refusing this finding. It is true that the evidence shows, and the court finds, that Bird & Fitzhugh were using water during more than five years prior to the commencement of this action, but it is also true that Dick and Horton were using water for a longer period still, and there is nothing to show that the use by Bird & Fitzhugh was to any extent adverse to the claims of Dick and Horton for more than one or two seasons immediately prior to the commencement of the suit. They were increasing their appropriation year by year, and towards the last Dick and Horton began to experience a scarcity on account of the diversion of water by Bird & Fitzhugh and others who occupy lands above them on the stream. · The evidence is, however, all consistent with the view that Bird & Fitzhugh did not, before the irrigating season of 1874, use more water than remained in the stream after deducting all that is claimed by Dick and Horton and the other parties whose appropriations were made prior to their own. If such was the case their use to that extent was subordinate to and entirely consistent with the prior rights of Dick and Horton, and gives no support to a claim by prescription.

The record in our opinion discloses no error prejudicial to the appellants, and the judgment and orders appealed from are affirmed.