# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

OCTOBER TERM, 1882.

[No. 1087.]

## I. LAMANCE ET AL., APPELLANTS, v. JOHN BYRNES, ET AL., RESPONDENTS.

WHEN STATEMENT WILL BE DISREGARDED.—A statement must specify the particulars in which the evidence is alleged to be insufficient to sustain the findings, or it will be disregarded.

WATER RIGHTS.—FORMER JUDGMENT.—JUDGMENT SUSTAINED BY FINDINGS.— *Held*, upon review of facts set forth in opinion that the findings are sufficient to sustain the judgment of costs in favor of defendant.

ERROR IN FAVOR OF APPELLANT.—*Held*, that appellant cannot complain of a ruling of the court where the error, if any, is in his favor.

ORDER OF ADMITTING EVIDENCE—REOPENING CASE.—*Held*, that plaintiffs having offered evidence in chief upon a certain point, should have produced all their evidence before closing their case, and should not in rebuttal be allowed to offer any additional testimony unless, in the discretion of the court, the case was reopened.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are sufficiently stated in the opinion.

*Robert M. Clarke*, for Appellant:

I. The cause having been tried upon issues joined between

the parties, and submitted to the court upon the pleadings and proofs for decision, it was the imperative duty of the court to decide it upon its merits; and the court had no power to dismiss the action without such decision upon the merits. (Civil Pr. Act, sec. 157; Nash. Pl. & Pr., 564; *Draper* v. *Moore*, 2 C. S. C. R., 167; Freeman on Judg., sec. 261; *Elwell* v. *McQueen*, 10 Wend. 522; *Chamberlain* v. *Dempsey*, 14 Abb. Pr. 241; *Sinclair* v. *Tallmadge*, 35 Barb. 602.) Litigants are entitled to have their controversies respecting rights of property determined by the court, and the court cannot evade or shirk the duty. The court cannot dismiss except in the cases enumerated and in the manner prescribed. Where, as in this case, the cause has been tried, it cannot be dismissed *except upon motion of the defendant.* (Civil Pr. Act, sec. 151; *Rogers* v. *Beard*, 20 How. Pr. 98, 282; *Van Valen* v. *Lapham*, 13 How. Pr. 240.)

II. Upon the pleadings and findings of the court the plaintiffs should have had judgment according to the prayer of the complaint.

1. The evidence and scope of the judgment as pleaded were established by the proofs, and thus, a material issue joined by the pleadings was settled in favor of the plaintiffs, and being established, the plaintiffs were entitled to have an injunction to protect them in the enjoyment of the right.

2. The prior right of plaintiffs (alleged in the complaint and denied in the answer) and the asserted prior right of the defendants, which were the substantial matters in controversy, were found for the plaintiffs, and the court should have entered judgment accordingly.

3. The affirmative defenses in the answer were not found in favor of the defendant, and upon these matters the plaintiffs should have had judgment.

*M. S. Bonnifield,* also for Appellant.

*J. H. Windle,* for Respondent:

I. The plaintiffs have entirely failed to show an invasion by defendants of any of plaintiffs' rights under their claim as prior appropriators, or under said judgment, and have entirely

failed to show any threats to continue such alleged invasion of their rights by defendants. Therefore, under the complaint and evidence in this case, the plaintiffs were not entitled to a judgment and injunction as prayed for, (1 Comp. L. 1173; . *Sherman* v. *Clark*, 4 Nev. 138; *Thorn* v. *Sweeney*, 12 Id. 251; *Roney* v. *Buckland*, 5 Id. 222.)

By the Court, HAWLEY, J.:

This action was brought to recover damages for the alleged wrongful diversion of the waters of Cottonwood creek, by defendants, and for an injunction.

Plaintiffs, as the owners of large tracts of land in Paradise valley, and of a certain water ditch, claim, in their complaint, to be the prior appropriators of the waters of the creek, and, among other things, allege that in 1878 they recovered a judgment against defendants for eight-twelfths of the water; that in violation of plaintiffs' established rights the defendants, since the rendition of said judgment, have diverted and used the waters, to plaintiffs' injury and damage, and "are now diverting said waters, and threaten to continue the diversion of the same." The defendants, in their answer, specifically deny each material averment of the complaint. They admit that a suit was brought by defendants, against the plaintiffs and one Havilland, to determine the respective rights of the parties thereto to certain water rights, and that a judgment was rendered therein, but "deny that the subject matter involved in the issues in said action, and the parties thereto, are the same as those named and raised by the issues in this action; * * * deny that the subject matter of this action, or the respective rights of the parties herein, have ever been adjudicated or settled by any former judgment or decree."

They allege a misjoinder of parties plaintiffs, and aver that plaintiffs are not the joint owners, joint tenants, or tenants in common of the lands described in the complaint, or in any ditch conveying water upon any lands owned or possessed by plaintiffs. Defendants allege that they are the prior appropriators of the waters to the extent of "one hundred and twenty inches of water, miners' measurement," and claim that plaintiffs have deprived them of the amount of water to which they are entitled, and ask for affirmative relief.

The case was tried before a jury, and a general verdict found in favor of defendants. Argument was then had as "to what judgment should be made and entered," and the court thereafter found the following facts:

"First—That the plaintiffs are not the joint owners or tenants in common of any lands, ornamental trees, or live stock that are described in the complaint."

"Second—That the rights of the plaintiffs to the use of the water described in the complaint is as tenants in common."

"Third—That the defendants did not divert any of the said waters from the ditch of the plaintiffs, or otherwise, when the plaintiffs, or either of them, needed the said water upon any of their said lands, or otherwise."

"Fourth—That the said defendants did not divert said waters when it was necessary for the plaintiffs, or either of them, to have used said water for any beneficial or useful purpose, as set out in the complaint."

"Fifth—That the defendants did not threaten to divert said waters when the plaintiffs, or either of them, needed the waters for any useful or beneficial purpose, as claimed in the complaint, or otherwise."

And as conclusions of law the court found:

"First—That the plaintiffs were not, and that neither of the plaintiffs was, damaged by the defendants in diverting the waters aforesaid, as alleged in the complaint."

"Second—That the plaintiffs are not in danger of being irreparably damaged by the defendants diverting said water, and that plaintiffs are not in danger at all of being damaged by defendants diverting said water, as alleged in the complaint,"

"That this action should be dismissed without prejudice, at costs of plaintiffs, and it is so ordered."

At the request of plaintiffs the court made additional findings, which are more specific, but are substantially the same as those we have copied.

In the third additional finding the court found that "there is no evidence herein that plaintiffs, as tenants in common, or jointly, had any joint use or right, or any use or right as tenants in common of, or to any part or portion of said waters to be used on said (plaintiffs') lands."

Plaintiffs moved the court for a new trial, which was denied, and this appeal is taken from the order of the court refusing a new trial and from the judgment.

1. In the assignment of errors it is claimed that the third, fourth and fifth findings and the conclusions of law " are each contrary to the evidence," but appellants have failed to specify " the particulars in which such evidence is alleged to be insufficient," and, by the positive rule of the statute (1 Com. L. 1258) and the prior decisions of this court, the statement must, in this respect, be disregarded. (*Caldwell* v. *Greely*, 5 Nev. 258; *Elder* v. *Shaw*, 12 Nev. 78; *Dick* v. *Bird*, 14 Nev. 161.)

The findings are within the issues raised by the pleadings, and in the absence of any statement of the testimony that can be considered we must presume that the evidence was sufficient to justify the findings. (*Flannery* v. *Anderson*, 4 Nev. 438.)

2. The argument that the findings do not support the judgment, and that upon the findings the judgment should have been for appellant, is untenable. The findings are sufficient to entitle respondents to a judgment for costs, and this is all that was given.

The findings are not against the former judgment, and the judgment for costs is not in violation of the former decree, as argued by appellants. The court, in its additional findings, found that " the plaintiffs have the prior right to the quantity of the waters of Cottonwood creek, stated and set out in the judgment referred to in the complaint herein," and that " there was not at all times during the period between April 23, 1878, and August 28, 1878, sufficient water flowing in said Cottonwood creek to supply both plaintiffs and defendants with all the water they needed for irrigation and domestic purposes." But there are no findings that defendants used any more water than they were entitled to by the former judgment or decree, or that they at any time threatened to use any more water than they were entitled to. But, on the contrary, the findings are that they did not at any time use the water to the damage of plaintiffs.

3. It is claimed that the court erred in dismissing the action; that " the cause having been tried upon the issues joined between the parties, and submitted to the court upon the pleadings and proofs for decision, it was the imperative duty of the court to decide it upon its merits; and the court had no power to dismiss the action without such decision upon the merits." We deem it unnecessary to discuss this question. This action of the court was evidently based upon the findings that appellants did not jointly, or as tenants in common, own the lands or use the water described in the complaint. If, therefore, the court erred in dismissing the action after it had been submitted, it was an error in favor of instead of against appellants. If they owned the water individually and had the right to separately maintain an action for its diversion, the action being dismissed without prejudice would enable them to litigate their rights in a proper action.

If the court had no power to dismiss the action, still the judgment for costs would remain in favor of respondents.

In any event appellants " should not be allowed to complain of a ruling that gave them another opportunity to contest the question, the error, if any, being in their favor." (*McLeod* v. *Lee*, recently decided.)

4. The only remaining question which the record presents is, whether or not the court erred in refusing to permit the witnesses Nichols and Fisher to answer the following question: " Did you and defendants have any conversation as to the decree, and their rights under it, in the former suit, by which, or in which, they threatened to go on using the water just as they always had done before ?"

The statement on motion for new trial shows that when this question was asked, and the object of it stated to be " to prove threats by defendants to continue the use of the water after the decree," the defendants objected upon the ground " that it is not in rebuttal, and that it was part of plaintiffs' case in chief, and if the plaintiffs wished to reopen their case * * * they must get the consent of the court first." The court sustained this objection. We are of opinion that this ruling was correct.

The plaintiffs having offered evidence upon this point in

chief, should have produced all their testimony before they closed their case, and should not have been allowed in rebuttal to offer any additional testimony unless, in the discretion of the court, the case was reopened. (*McLeod* v. *Lee, supra.*)

The testimony, as offered, was inadmissible.

The judgment of the district court is affirmed.

LEONARD, C. J., having given advice upon questions involved in this case before taking his seat upon the bench, did not participate in the foregoing decision.