PHILIP BALL, Appellant, v. R. W. MARQUIS, Appellee.

Criminal Conversation: INSTRUCTIONS: PREPONDERANCE OF EVI-
1  DENCE. In an action for criminal conversation an instruction
that the burden is upon plaintiff to prove his case by a pre-
ponderance of the evidence, and that by preponderance is
meant that greater weight which ''reasonably satisfies your
minds,'' is not erroneous as casting too great a burden on
plaintiff.

Instructions: PRESUMPTION IN SUPPORT OF. Where the evidence
2  upon which an instruction is based is not set out in the
record, a presumption of its correctness obtains, and it would
be improper for the appellate court to declare it erroneous.

*Appeal from Warren District Court.*—HON. J. D. GAMBLE, Judge.

TUESDAY, FEBRUARY 9, 1904.

ACTION for criminal conversation. Trial to jury, and verdict and judgment for defendant. Plaintiff appeals.— —*Affirmed.*

*Bowen & Brockett, Miller, Wallingford & De Graff* and *W. F. Powell* for appellant.

*W. C. Marquis* for appellee.

BISHOP, J.—Complaint is made of two instructions— 1. INSTRUCTIONS: the fifth and eleventh. The fifth related to preponderance of evidence, the term "preponderance of the evidence," and reads as follows:

"The burden of the proof is upon the plaintiff to estab-
lish each and every particular fact necessary to prove his
cause of action by a preponderance of evidence. By the term
'preponderance of the evidence' is meant that greater and su-
perior weight of the testimony as reasonably satisfies your
minds. Preponderance is not alone determined by the num-

ber of witnesses testifying to a particular fact or state of facts. It may occur that the statement, or the superior knowledge of the subject-matter testified to, of one or a few witnesses, may be of more importance, and be relied upon with a greater degree of assurance, than that of a greater number, and the testimony of the witnesses is oftentimes strengthened or weakened by other facts and circumstances disclosed by the evidence."

The instruction is said to be erroneous because of the use of the words "reasonably satisfies." It is conceded, of course, that plaintiff was not required to prove his case beyond a reasonable doubt, and that all that was required of him was the production of the greater weight or preponderance of the evidence. Such is undoubtedly the law of this state. *Coit v. Churchill,* 61 Iowa, 296; *Bryan v. Railway,* 63 Iowa, 464; *Callen v. Hanson,* 86 Iowa, 420; *Rosenbaum v. Levitt,* 109 Iowa, 295. The contention of appellant is that the instruction given in this case, in view of the language used, required of plaintiff not merely that he establish the facts of his case by a preponderance of the evidence, but that the evidence on his behalf must be such as to fairly set at rest the truth of every material fact necessary to a recovery. This contention centers upon the expression "reasonably satisfies," and it is the argument of counsel that such expression, fairly considered, could convey to the jury no other meaning than that the verdict must be for defendant, even though the weight of the evidence was with plaintiff, if the jurors were not reasonably satisfied of the inherent truth of the matters alleged. We have made the question thus raised the subject of full and mature consideration, and we reach the conclusion that, while the use of the expression is not to be commended, the jury could not fairly or in reason have been misled by the instruction as given. It will be observed that the expression criticised is used in defining the term "preponderance of the evidence," and we think it must have been understood by the jury that a preponderance was established if, upon consideration of the evidence, the re-

sult was to "reasonably satisfy" the minds of the jury that
the greater weight thereof was with the plaintiff.   In the
particular respect now under consideration, the question
differs from that which arose in *Bryan v. Railway, supra.*
In that case the jury was told that "by the term 'prepon-
derance of evidence' is meant testimony of such superior
weight and convincing force as satisfies the mind of its
truth."   It was properly held that such definition was erron-
eous, and for the all-sufficient reason that thereunder the
jury might not put the evidence into scales, and by the bal-
ancing thereof determine upon the verdict to be rendered;
but, on the contrary, the instruction made the requirement
that a verdict for plaintiff could only be justified by a find-
ing that in very truth the matters alleged by him existed as
facts in the case.   The instruction condemned in the case of
*Hammer v. Railway,* 70 Iowa, 623, cited and relied upon
by appellant, was in substance identical with the one given
in the *Bryan Case.*   The case of *Rosenbaum v. Levitt,* 109
Iowa, 295, is also clearly distinguishable from the case at
bar.   In that case the instruction condemned had refer-
ence to the proof necessary to establish a particular fact
pointed out; that is, the jury was told that the existence of
an implied contract alleged should not be found unless the
jury was satisfied from all the facts and circumstances shown
that the contract was intended to be entered into.   In the
connection as thus used, this was thought to be equivalent to
saying that no affirmative finding as to the existence of such
contract would be warranted unless the jury was satisfied
as to the truth of the matter alleged.   No reference to the
subject of preponderance of evidence was made in terms,
and the subject was not involved, otherwise than as above
indicated.

II.  Instruction No. 11 is as follows:

"Evidence has been admitted tending to show that the
wife of the plaintiff made statements to him respecting her
relation with the defendant, and showing the relations be-
tween the plaintiff and his wife since the time of such com-

munication. You are instructed that you cannot consider the statements of the plaintiff's wife to him, nor their conduct or relation since that time, in determining the question whether or not defendant has had sexual intercourse with said wife; but, if you find from the other evidence in the case that defendant did have such sexual intercourse, you may consider the relations existing between the plaintiff and his wife since the time it is claimed she made statements to plaintiff, as above suggested, in determining the damage that plaintiff has sustained, if any, by reason of such acts of the defendant, but such damage cannot be increased because of any unreasonable conduct, if any, of the plaintiff."

The complaint made of it is that it instructs the jury not to consider the statements of the plaintiff's wife for any purpose. We do not have the statements referred to before 2. INSTRUCTIONS: us, for the evidence is not set out in the ab-
presumption
in support of. stract. Without it, it would be improper for us to say that the instruction is erroneous. Every presumption is in favor of the action of the trial court, and it will be presumed, in aid of the instruction, that the statement was such as to call for this paragraph of the charge. There is nothing fundamentally wrong in the instruction; that is, we may easily assume a state of facts which would call for the announcement of the rule of law therein set forth. Moreover, these statements and the relations of the parties, husband and wife, were not, as counsel contend, wholly withdrawn from the consideration of the jury.

We reach the conclusion that no prejudicial error appears, and it follows that the judgment of the court below must be, and it is, AFFIRMED.