[No. 7403.   Decided January 4, 1909.]

SABINA SMITH, *Appellant,* v. ROLAND L. SCOTT, *Respondent.*[1]

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEASED. A plaintiff seeking to recover title to land alleged to have been held in trust for her by her deceased daughter is prohibited from testifying to any transaction had with, or statements made to, the deceased explanatory of plaintiff's method of bookkeeping where it appears that plaintiff meant to assert that entries represented payments on the purchase price of the land.

APPEAL—REVIEW—HARMLESS ERROR. Error in admitting evidence in a case triable *de novo* on appeal is harmless.

[1]Reported in 98 Pac. 763.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 7, 1908, upon findings in favor of the defendant, after a trial before the court without a jury, in an action to quiet title.  Affirmed.

*Sayre & Sutherland,* for appellant.
*Martin J. Lund,* for respondent.

FULLERTON, J.—In this action the appellant sought to have herself adjudged to be the owner of certain real property, situated in the city of Seattle.  The property in question was deeded on May 6, 1905, to the appellant's daughter, by its then owners, for a consideration of $335, the daughter being then the wife of the respondent.  The daughter died about a year later, leaving a will in which she devised the property to her husband.  The appellant contended that the property was purchased by her daughter for the appellant's use and benefit, in part with money which she had theretofore put in her daughter's hands for that purpose, and in part with money which her daughter and the respondent advanced to her use, and which she afterwards repaid them.  The respondent contended that the property was paid for entirely with the community funds of himself and his wife; that, while the property was purchased for the purpose of furnishing a home for the appellant, it being the intention of himself and wife to let her live on the property without paying rent in any form as long as she desired, it was not intended that she should own it, and no money belonging to the appellant entered into its purchase price.  On these issues the case was tried as a case of equitable cognizance in the court below, and resulted in a judgment in favor of the respondent.

The appellant complains that the court erred in the exclusion and admission of evidence.  The respondent defended as deriving title in part from his deceased wife, and the court ruled that the appellant was prohibited from test-

ifying to any transaction she had with the wife, or as to any statement made to her by the wife, relating to the matter in issue. The appellant seems not to dispute the correctness of the rule thus announced by the court, but complains rather that it was applied with undue strictness, whereby certain explanatory statements the appellant was entitled to make concerning her method of bookkeeping were excluded. But we think the court went as far in this direction as the rule permits. The bookkeeping entries are in evidence, and there is no doubt that the appellant meant to assert that they represented payments made by her to her daughter to be applied on the purchase price of the property in question, and this is all that the appellant now claims for them.

The contention that improper evidence was admitted is material only in so far as it is allowed to control the judgment. It is not error requiring reversal, or error requiring that the judgment for the one party be set aside and a judgment entered for the other, to admit incompetent evidence in a cause tried by the court without a jury. This court in reviewing the case will ignore the incompetent evidence, and affirm the judgment only when we find it sustained by a preponderance of the competent evidence.

The principal contention is over the weight of the evidence. The appellant contends that it lies with her, and that the trial court erred in holding that she was not entitled to recover. But after a study of the entire case, we are not convinced that the trial court was wrong. Indeed, on the face of the record we feel that the competent evidence decidedly preponderates with the respondent, and since the trial judge, who had the witnesses before him, so decided, we will not disturb the judgment.

The judgment should be affirmed, and it will be so ordered.

HADLEY, C. J., CROW, CHADWICK, MOUNT, and DUNBAR, JJ., concur.