Beeson v. The Chicago, Rock Island & Pacific R'y Co.

1. **Practice in Supreme Court**: ERROR NOT URGED IN ARGUMENT NOT CONSIDERED. A cause will not be reversed on account of an error which, though assigned, is not alluded to in the argument.

2. **Railroads**: PERSONAL INJURY: EJECTMENT FROM PASSENGER STATION. It appears from the evidence in this case that plaintiff was a woman of ill-repute, and had on prior occasions conducted herself about the defendant's passenger station in a lewd and indecent manner, and that, in the evening of a certain day, at a time when, by the defendant's rules, the ladies' waiting room was closed, and several hours prior to the departure of the train on which she said she was about to travel, she, by some artifice, had gained admission to the waiting room, and that, for misconduct therein, she was removed by the police at the request of defendant's agent, but without any force whatever; and it was *held* that, if plaintiff was entitled to a verdict at all, it was only for nominal damages, and a verdict for $175 should be set aside.

*Appeal from Polk Circuit Court.*

WEDNESDAY, DECEMBER 5.

ACTION to recover damages for an alleged personal injury.

The cause was tried by jury, and a verdict of $175 was returned for the plaintiff, upon which judgment was rendered. Defendant appeals.

*T. S. Wright,* for appellant.

*Baylies & Baylies,* for appellee.

ROTHROCK, J.—The plaintiff claims in her petition that on the evening of the twenty-fifth of November, 1881, she went to the defendant's passenger station at Des Moines, for the purpose of taking a train over defendant's road for Grinnell, where she had been summoned to see her child who was sick; that when she arrived at the station the ladies' waiting room was locked, and she was compelled to occupy the gentlemen's room, in which were a large number of men, many of whom were smoking, the room being full of smoke, and warm and offensive; that thereafter one of defendant's employes, having charge of said room, unlocked the ladies room, and permitted the plaintiff to enter the same with other ladies, and afterwards another lady, with whom plaintiff had no acquaintance, demanded and gained admittance into said room; "that thereafter, and before said train for Grinnell arrived, and while plaintiff was rightfully in said room, and without fault on her part, defendant's employe caused the plaintiff and the said last named lady—Mrs. Brown—to be arrested by a policeman, and forcibly ejected from said waiting room and depot, and to be confined in the jail of Polk county until the next day, when they were discharged.

The plaintiff, and the woman designated in the petition by the name of Brown, were the only witnesses examined in behalf of the plaintiff to prove the allegations of her petition. At the close of their examination, defendant moved to strike from the evidence all that part touching the imprisonment of the plaintiff in the county jail, and all evidence as to the arrest of the plaintiff, because there was no evidence showing or tending to show that any officer, employe or

agent of defendant caused or directed the arrest and imprisonment. The motion was overruled.

This motion should have been sustained. But we cannot 1. PRACTICE in supreme court: error not argued not considered. reverse the judgment because of this ruling, for the reason that, although error is assigned thereon, the assignment is not alluded to in the argument.

We merely allude to this error as showing that, if the motion had been sustained, it would have divested the case of much that afterwards tended, as we believe, to confuse the jury, and result in a verdict which, it is clear to our minds, should not have been returned. The testimony of the two witnesses above referred to did not show that any employe of defendant ordered the arrest or imprisonment of plaintiff. The most that can be claimed from this evidence is, that an employe of defendant ordered and directed the police to remove the plaintiff and the other witness from the waiting room.

After the motion was overruled, the defendant introduced its evidence, from which it appears that the plaintiff and her 2. RAILROADS: personal injury: ejectment from passenger station. witness were women of the town, well known to the police as street walkers and prostitutes, and that the employe at the station who ordered their removal had before that seen the plaintiff at the station, on which occasion she used foul and indecent language to him, and that plaintiff "had been loafing about the room several days;" that the defendant had a regulation that the ladies' waiting room should be closed at seven o'clock in the evening, and it was sometimes opened again in the night, and sometimes not opened until morning, and that, upon the evening of the alleged wrong and injury upon the plaintiff, the room was locked at seven o'clock, and a woman with two children were admitted to the room a short time afterwards, and the key was given to her, with directions to admit no other person. The plaintiff by some means entered the room at the same time. Afterwards the woman Brown appeared on the outside and demanded ad-

mittance, and by some means she effected an entrance. A policeman appeared on the outside, and there was a commotion in the room. The lady with the children was crying and protesting that she did not want to stay in the room with such characters, and the employe told the plaintiff and her witness that they would have to go out. They refused to go, and the employe then ordered the police to put them out. The police removed Mrs. Brown, and the plaintiff followed her without any force. In fact, she stated upon her examination as a witness that she was not touched, and that no force was use to remove her.

There is no evidence in the case which in the least degree tends to show that any employe of the defendant acted wantonly or oppressively in ordering the removal of the plaintiff and her witness. The evidence all tends to show that the person who had charge of the waiting room did no more than order the removal of persons whom he supposed had no right to remain there. And it is very questionable whether the plaintiff had any right to be or remain in any waiting room of the defendant at the time she was ordered to go out. The train upon which she claimed she wanted to travel was not due for at least two hours after the occurrence of which she complains. It may be that a respectable woman might have been justified in leaving her home and spending from two to four hours in the waiting room at a passenger station in the same town, to take a train in the night, in order to avoid walking upon the streets in the darkness. But the evidence shows that plaintiff was not that kind of a person.

It is idle to claim that either the plaintiff or her witness conducted herself as became a respectable woman. They each had two or three names which they used as occasion required. The woman Brown was known at times as "Missouri Kate," and the plaintiff, when taken to the police station, gave her name as "Zora Byers."

The jury, in answer to certain special interrogations, found that the plaintiff was not entitled to any damages for her ar-

rest and imprisonment. But they found that she was entitled to $175 for being removed from the waiting room.

If it be conceded that the plaintiff was entitled to recover at all for being ordered to leave the room, and leaving without any assault upon her, (a proposition which we need not determine,) there was no evidence in the case which warranted a verdict for more than nominal damages. And if the court had sustained the motion to strike out the evidence as to the arrest and imprisonment, there would have been no occasion to instruct the jury upon the question of bodily pain and suffering and outrage and indignity put upon her, etc. We cannot resist the conclusion that the jury must have been misled and confused by instructions upon a state of case which had no warrant in the evidence. If they were not misled, their verdict is grossly excessive, under the facts disclosed in this record.

We have not alluded to the assignments of error in detail, nor pursued the order of the arguments of counsel in the discussion of the case. We have rather given our views upon an examination of the whole record, and we may say in conlusion that there was nothing in the case to justify the jury in returning a verdict for more than nominal damages; and it is exceedingly doubtful whether the case was entitled to even that much consideration.

REVERSED.