BRYAN v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

1. **Practice:** INSTRUCTIONS: THE COURT MUST STATE THE ISSUES. It is the duty of the court to determine the issues in a case and to state them to the jury; and it is error to refer the jury to the pleadings to determine the issues in whole or in part. *Fitzgerald v. McCarty*, 55 Iowa, 702, followed. [See, also, *Porter v. Knight, ante*, p. 365.—REPORTER.]

2. **Evidence:** PREPONDERANCE OF: WHAT CONSTITUTES: INSTRUCTION. There is no material difference between "the preponderance of the evidence" and "the *fair* preponderance of the evidence;" and by either phrase is meant simply the greater weight of evidence; and it was error to instruct the jury that by the preponderance of evidence is meant "testimony of such superior weight and convincing force as satisfies the mind of its truth."

3. ————: ACTION FOR PERSONAL ABUSE: BURDEN OF PROOF AS TO MATTER OF DEFENSE. In an action for damages on account of personal abuse, the plaintiff need not prove that he gave no reasonable cause or provocation for the abuse complained of. Such cause or provocation, if it existed, is matter of defense, and the burden is upon the defendant to establish it.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

ACTION by a passenger upon a train, running on defendant's

railroad, for injuries sustained from insolent, abusive and offensive words spoken to her by the conductor. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*Baylies & Baylies*, for appellant.

*Wright, Cummins & Wright*, for appellee.

BECK, J.—I. The questions which we find to be decisive of the case arise upon instructions to the jury. It is, therefore, not necessary to recite the pleadings, nor to state the evidence farther than is required for a proper understanding of the points ruled in this opinion. In the charge to the jury preliminary to the instructions, the circuit court stated quite fully the substance of the allegations of the petition, and then informed the jury that the defendant denied in the answer all averments of the petition. Thereupon the jury were directed in these words: "For a more precise and exact statement of the allegations of the parties and the issues in the case, see the pleadings themselves." This language must be understood as an admission that the issues were not precisely and accurately stated by the court, and a direction to the jury to determine for themselves from the pleadings the issues in the case. Indeed, the court did not attempt to state the issues in the case, but simply recited the allegations of the pleadings, which is quite a different thing. The issues are determined from the allegations, and the court could not require the jury to do this. That duty rested upon the court. The instruction is clearly erroneous. See *Fitzgerald v. McCarty*, 55 Iowa, 702, and cases cited.

II. The jury were directed that the burden rested upon plaintiff to establish the allegations of the petition by a preponderance of evidence, and in another instruction they were informed that she was required to prove her allegations "by a fair preponderance of evidence." The court therein informs the jury that "by the

*Marginal notes:* 1. PRACTICE: instructions: the court must state the issues. 2. EVIDENCE: preponderance of: what constitutes: instruction.

term 'preponderance of evidence' is meant testimony of such superior weight and convincing force as satisfies the mind of its truth." This definition is clearly erroneous and misleading. The term simply means the greater weight of evidence. And, when a jury are informed that their verdict should accord with "the preponderance of evidence," they are simply directed that they should find for the party, upon any issue in the case, who adduces thereon the greatest quantity of credible evidence, as weighed in their own minds. In weighing evidence, if any should not be entitled to belief, it should be cast out of the balance. Doubtful and uncertain evidence should be weiged for just what it is worth. When evidence is weighed according to the rules of the law, the preponderance is with that side in whose favor the scales of reason turn. The language used by the court conveys no idea connected with the quantity of evidence which would be regarded as a preponderance, but rather relates to the effect of evidence. There may be evidence upon each side of an issue "of such superior weight and convincing force as to satisfy the mind of its truth." It is the duty of the jury to weigh this conflicting and equally credible evidence, and find for that side whereon the weight preponderates.

The language of the court is capable of being understood as conveying the thought that the preponderance of evidence is found only when the mind is fully convinced of the truth of the testimony which controls the decision. This is incorrect. In civil cases, a fact may be found in accord with the preponderance of the evidence, and yet the mind may be left in doubt as to the very truth. The triers of an issue in such cases should, when doubts arise, find for the side whereon the doubts have less weight.

Counsel for plaintiff object to the terms used in the instruction, "the *fair* preponderance of evidence," on the ground that it expresses something more than an absolute preponderance. We think the expression is unobjectionable. The adjective *fair*, in this connection, means "characterized by hon-

esty and impartiality, upright, free from suspicion of bias," and is properly used in qualifying the word preponderance.

III. The court directed the jury that plaintiff was required to prove that the conductor, "without reasonable cause, or provocation on the part of the plaintiff, was guilty of the misconduct towards plaintiff charged in the petition." If there existed a reasonable cause or provocation for the acts of the conductor, which relieved defendant of responsibility, it is in the nature of a defense, and the burden rested upon defendant to prove it. Plaintiff was not required to prove that the defendant had no such defense. The case is not subject to the rule which would prevail when an action is brought upon a contract for transportation, when a passenger is ejected from the cars. In that case, he should show that he had done no act justifying the defendant in refusing to convey him. Nor is the case based upon negligence, when the plaintiff is required to show that he did not contribute to the injury. But it is for a positive wrong done, for which she may recover, unless defendant shows justification or other defense. The burden rests upon defendant to establish such defense, and not upon plaintiff to prove that it did not exist.

*3. ———: action for personal abuse: burden of proof as to matter of defense.*

Other questions discussed by counsel need not be considered. The judgment of the circuit court, for the errors pointed out, must be

REVERSED.