ROSENBAUM BROS. v. JOHN R. LEVITT and THOMAS DOIDGE, Appellants.

**Agreement not to Prosecute:** *Proveable by random statements.* In an action on a note, where the defense is that it was given in consideration of an agreement not to prosecute another for a forgery committed by him, which defense is denied by plaintiff, an instruction that an implied contract should not be found from mere random statements or uncertain language is erroneous, as an implied understanding can be gathered from random statements and uncertain language.

**CONSIDERATION:** *Validity.* Under Code, section 4889, which makes it a crime for any person to take any money or valuable consideration, or promise therefor, on an agreement express or implied, not to prosecute a criminal offense, a note given in part consideration of such an agreement is void.

**Evidence:** CONCLUSIONS: *What are not.* In an action on a note, where defendants alleged that it was executed in consideration of an agreement by plaintiff's agent not to prosecute the son of one of defendants for forgery, and plaintiff denied this, and claimed that it was given in settlement of a note signed by the son and one of defendants, which the latter averred was, as to him, a forgery, evidence *as to whether the conversation between plaintiff's agent and defendants, at the time the note was given, was angry or excited,* is material, and does not constitute a conclusion of the witness.

**CROSS-EXAMINATION.** The plaintiff's agent, on direct examination, testified that he never at any time said anything about prosecuting the son. *Held,* that on cross-examination, it was proper to ask him if he did not, just before or while conducting the negotiations with defendant, state to various persons that he proposed to have his money or send the son to the penitentiary.

OBJECTIONS: *Appeal.* Where, in an action on a note, an objection to evidence by plaintiff's treasurer, as to what constituted the consideration, on the ground that it is incompetent and immaterial, is untenable, defendant cannot, on appeal, urge that it was error to receive the evidence on the ground that it was hearsay, where the witness stated the facts as of his own knowledge.

DEGREE OF PROOF: *Preponderance.* An instruction that the jury, in order to find for defendant, should be "satisfied," from all the evidence, that the facts alleged as a defense are true, is erroneous, as defendant is bound to establish his defense only by a preponderance of the evidence.

Requesting Instructions. Parties cannot complain of failure of the court to give instructions based on certain theories of the case, where they submitted no request therefor.

*Appeal from Franklin District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, OCTOBER 13, 1899.

ACTION at law upon a promisory note. Defense, duress, undue influence, want of consideration, and that it was given upon an agreement, express or implied, not to prosecute one A. J. Doidge, a son of one of the defendants and a son-in-law of the other, for the crime of forgery. Trial to a jury, verdict and judgment for plaintiff, and defendants appeal.—*Reveresd.*

*Taylor & Evans* for appellants.

*E. P. Andrews* and *B. I. Salinger* for appellee.

DEEMER, J.—The note in suit was executed by defendants on or about July 10, 1895. It is claimed that they were in no manner indebted to plaintiff, but that they were induced to execute the same because of threats made by plaintiff's agent to prosecute one A. J. Doidge for the crime of forgery, and an agreement on the part of said agent that, if defendants would execute this note with another of equal amount, they would not prosecute said Doidge for the crime he is said to have committed. Plaintiff denies

these claims, and says that the notes were given in settlement of a one thousand five hundred dollar note held against A. J. Doidge, which also bore the names of defendant Levitt and another person as makers. It admits that defendant Levitt claimed that his signature to the said one thousand five hundred dollar note was a forgery, but claims that the note in suit was given in settlement of the alleged forged note.

I. At the time the note in suit was given, plaintiff was represented by one Ray. The defendants were each asked on the witness stand to describe his conversation with them at the time the note was given, as to being angry or excited. Objections to the questions were sustained. We think they should have been answered. They do not call for a conclusion, but for a fact, and that fact was a material inquiry in the case.

II. On cross-examination of witness Ray, he was asked if he did not, just before or while conducting the negotiations with defendants, state to various persons that he proposed to have his money or send A. J. Doidge to the penitentiary. Objections to these questions were sustained. We think they should have been answered. Truthful response to the interrogatories might have thrown light on the questions at issue, and, in view of the witness' statement on his examination-in-chief that he never at any time said anything about prosecuting A. J. Doidge, they were certainly proper cross-examination.

One Ullman, plaintiff's treasurer, who lives in Chicago, was permitted to state the consideration for the note in suit. Objections were made to the questions which elicted these answers, on the ground of incompetency, irrelevancy, and immateriality. None of these grounds were tenable. Counsel now say that the witness had no personal knowledge of the matter, and that his evidence is merely hearsay. It may be that this objection, if made in time, ought to have been sustained. No such objection was made to the evidence, however, and, as the witness

stated the facts as of his own personal knowledge, there was no error.

Some other rulings are complained of. In so far as they were erroneous they were cured by the subsequent admission of evidence. It is not important that we set out those that were clearly correct.

II. Section 4889 of the Code makes it a crime for any person to take any money or valuable consideration, or promise therefor, upon an agreement or understanding, express or implied, to compound or conceal such offense or not to prosecute the same. The trial court, after referring to this statute, stated in its instructions that, if there was an express agreement beween the parties at the time the note was given that A. J. Doidge should not be prosecuted for the crime of forgery, then the note in suit would be void, and no recovery could be had thereon. This statement of the law is followed by the ninth instruction, which reads as follows: "An express agreement exists where the parties have agreed and stated, in express words, the things to be done and conditions to be performed by each, while an implied agreement is to be gathered from the acts and conduct of the parties, and the circumstances surrounding them; and it will be for you to determine, in the light of all the facts and circumstances shown in evidence surrounding the parties at the time, whether there was an express or implied agreement between the defendants and said plaintiff's agent that, upon defendants executing the note in question and another of like amount, the plaintiff and said agent would not prosecute the said A. J. Doidge criminally. An implied contract should not be found from mere random statements or uncertain language, but you should be satisfied, from all the facts and circumstances shown in evidence, that plaintiff's agent intended to enter into an agreement or understanding that no criminal prosecution should be instituted." This instruction is challenged. The last

sentence is clearly erroneous. Certainly, an implied understanding can be gathered from random statements and uncertain language. Again, the use of the word "satisfied," without qualification or explanation, is misleading. Its ordinary significance is something more than a belief founded on a preponderance of evidence. *Bryan v. Railway Co.,* 63 Iowa, 465; *Jerohman v. Railway Co.,* 108 Iowa, 177. In previous instructions the court said, in effect, that, if the "real or sole" purpose of the parties in executing the note was to provide against the prosecution of A. J. Doidge for the crime of forgery, then the note would be void; and in the ninth instruction we have seen that the court said the jury should be satisfied that plaintiff's agent intended to enter into such an agreement or understanding. The instructions, taken as a whole, were misleading. An agreement or understanding not to prosecute need not be the sole consideration for the note, and it was not incumbent on defendants to show that plaintiff's agent intended to enter into such a contract. It was sufficient if, in the language of the statute, the note was taken "upon an agreement or understanding, express or implied, to compound or conceal the offense or not to prosecute the same." Although the contract may have been based in part upon other valuable considerations, still, if there was such an agreement or understanding as the law forbids, combined and co-operating with that consideration and operating as a part of the inducement for the giving of the note, then the instrument is illegal, and cannot be enforced. *Baird v. Boehner,* 77 Iowa, 622; *Peed v. McKee,* 42 Iowa, 689. There is nothing in *Deere v. Wolff,* 65 Iowa, 32, in conflict with these rules.

III. Defendants contend that the court erred in not giving instructions relating to the issue of duress and undue influence. As they asked no such instructions, they are not in position to complain. For the errors pointed out, the judgment is REVERSED.