ALBERT HRNICEK, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

MASTER AND SERVANT: Assault—Course of Employment.  An
1  allegation that an assault was made upon plaintiff by his superior and employing officer, while plaintiff was negotiating with said agent for a resumption of *employment,* sufficiently alleges that the agent was acting within the scope of his agency.

MASTER AND SERVANT: Course of Employment—Evidence.  An
2  allegation that an agent was acting within the course of his agency at the time of making an assault on plaintiff is sufficiently proven by evidence that said agent was plaintiff's superior and employing officer;  that the assault grew out of a dispute over plaintiff's attempt to resume employment;  and that said agent was directed by *his* superior officer to remove plaintiff from the premises.

DAMAGES:  Actual Damages—Assault Without Battery.  An as-
3  sault *without a battery,* with evidence of resulting wounded feeling and humiliation, furnishes basis for a finding of actual damages.

DAMAGES:  Excessiveness—$250.  Verdict of $250 for assault only,
4  but with evidence of resulting humiliation, held not excessive.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

DECEMBER 15, 1919.

ACTION for damages for an alleged assault committed upon the plaintiff by the depot agent of the defendant com-

pany at Ferguson, Iowa. There was a verdict and judgment for $250, and defendant appeals.—*Affirmed.*

*Hughes, Sutherland & O'Brien,* and *E. N. Farber,* for appellant.

*F. E. Northup,* for appellee.

EVANS, J.—Taking the case as made by the plaintiff, it appears that, up to March 28, 1915, he had been in the employ of the defendant railway company as engine watchman.

**1. MASTER AND SERVANT: assault: course of employment.**

On that date, he obtained a leave of absence for a period of five months. At the expiration of that period, August 28th, he reported for work to Wright, the depot agent at Ferguson, who was his immediate superior officer. Wright had authority to employ and discharge engine watchmen by and through instructions from his superior officer. Wright advised the plaintiff that his further employment was not wanted, and that he would not be re-employed. This resulted in a wordy altercation between the plaintiff and Wright. After a brief cessation, the altercation was renewed. The final outcome was that Wright picked up an iron poker, 2½ feet long, and threatened to beat out the plaintiff's brains. He approached him with the injunction, "Now, you son-of-a-bitch, go." The plaintiff, being thus put in fear, left the premises. Such is the story of the plaintiff.

Some of the dramatic features here stated were denied by Wright, as a witness for the defendant; but he does admit that, with the iron poker in his hands, he did approach the plaintiff and order him off the premises. From any point of view, therefore, there was an assault upon the plaintiff.

I. One ground of reversal assigned by appellant is that the petition did not, in terms, allege that, in the mak-

ing of the assault, Wright was acting within the scope of his employment. The facts stated in the petition do show that the assault occurred while plaintiff was attempting to resume his employment with the defendant company, through Wright as his proper immediate superior officer. The allegations were sufficient in that regard. *Johnson v. C., R. I. & P. R. Co.*, 58 Iowa 348.

II. It is further urged, as a ground of reversal, that the evidence failed to show that Wright was acting within the scope of his employment. If the pleading was sufficient at this point, the evidence was. If the point were doubtful, it further appears from the evidence that, when the dispute arose between Wright and plaintiff, Wright called up his superior officer, the superintendent of his division, by phone, and engaged in conversation with him on the subject. He was directed by such superintendent to decline the plaintiff's services, and to order him off the premises. In carrying out such direction, the assault was perpetrated. There is no lack of evidence in this regard.

2. MASTER AND SERVANT: course of employment: evidence.

III. It is urged that a verdict for the defendant should have been directed because no actual damages were shown, and, therefore, no exemplary damages could be allowed. There was no battery, and, therefore, no physical injury by means of the assault. There was a wrongful ejection from the premises by putting in fear. It seems to have been held heretofore by this court that such an assault and ejection furnishes a sufficient basis for actual damages. *Parkhurst v. Masteller*, 57 Iowa 474; *Bryan v. Chicago, R. I. & P. R. Co.*, 63 Iowa 464; *Beeson v. Chicago, R. I. & P. R. Co.*, 62 Iowa 173; *Curtis v. Sioux City & H. P. R. Co.*, 87 Iowa 622.

3. DAMAGES: actual damages: assault without battery.

The claim for damages herein was based upon alleged humiliation and wounded feelings. The testimony in that

regard was meager, it is true. But the assault was committed in the presence of others. The plaintiff testified that, because thereof, he "felt ashamed and blue." It was permissible to the jury to accept this testimony as a description of wounded feelings and humiliation. It must be said, therefore, that there was evidence of actual damages.

Lastly, it is urged that the verdict is excessive, and that only nominal damages should have been allowed. The verdict is large enough, but it is not correct that only nominal damages should be allowed. We could have approved a smaller verdict, but the nature of damages claimed was such as to give the jury a considerable latitude in their assessment. The amount of the verdict was approved by the district court, and no proper reason appears in the record why we should interfere with such approval. The judgment is, accordingly,—*Affirmed.*

4. DAMAGES: excessiveness: $250.

LADD, C. J., PRESTON and SALINGER, JJ., concur.