Arvel Heacock, Appellee, v. Frank Baule, Appellant.

No. 41534.

December 13, 1932.

Opinion as Supplemented on Petition for Rehearing

June 20, 1933.

Rehearing Denied June 20, 1933.

Havner, Flick, Huebner & Powers and H. B. White, for appellant.

Kenline, Roedell, Hoffman & Tierney, for appellee.

Albert, J.—The plaintiff is the owner of land lying on both sides of a country highway extending from the city of Dubuque to Asbury. It is an improved highway, 59 feet from fence to fence,

with a graveled grade, 24 feet wide on top. The south line of the grade is 7 feet from the south line of the highway, and the north line of the gravel is 28 feet from the north line of the graveled way. Plaintiff's farm improvements are on the north side of the highway and there is a gate on either side of the highway opposite each other. The highway is practically level except for a slight depression in the gravel about opposite these gates. The road which comes from the gate on the north side to the gravel is 9 feet wide and about 2 feet below the top of the gravel grade. On the south side the road from the gravel to the gate is approximately level, and from the depression west to the top of the hill, 256 feet, there is a rising grade of one foot. At a point 256 feet west, the road commences to decline on a 6 per cent grade, or 6 to 100 feet. From the driveway of the road coming from plaintiff's gate on the north side of the gravel road, looking west, there is an unobstructed view for a little more than 256 feet. In going west, after passing the top of the hill, the road curves sharply to the north.

On the afternoon of May 6, 1930, the plaintiff was engaged, with a team of mules, working in a field on the south side of the road unrolling corn planter wire. His son, Allen, age 14 years, was engaged in harrowing with a team of horses. A rainstorm was threatening, and plaintiff drove his team into the barnyard on the north side of the road and unhitched them, and while so engaged, he discovered that his son was having trouble with his team and the horses were turning toward the harrow. It appears the wind was blowing and the horses were turning so as not to face it. On discovering the trouble his son was having with his team, the plaintiff started to his relief. He testified that he hurried, "walked fast and ran slightly". When he neared the north edge of the gravel, within 4 or 5 feet thereof, he stopped, looked to the west and to the east, and saw no automobile or other conveyance on the highway in either direction. He passed on across the gravel road, and as he stepped from the gravel onto the adjoining territory, the car of the defendant "struck his rear foot", breaking both bones of his left leg between the knee and the ankle. The defendant's automobile came from the west, and after striking the plaintiff, stopped some distance east and backed up, picked up the plaintiff and took him to defendant's residence, where he was taken care of by a doctor and later taken to a hospital and given medical care.

The undisputed evidence shows that defendant was the owner of the Dodge car which was being driven, under his direction, by Al Schmitt at the time the accident occurred.

At the time plaintiff was crossing the road, he says it was raining slightly and the wind was blowing, and by the time he was at the south side of the graveled portion of the road, it was raining hard.

I. The first error relied upon by the appellant is that the accident was an inevitable one, therefore defendant is not liable. This question is raised for the first time in this court, and having failed to raise the same in the lower court, it cannot be reviewed by us.

II. The next error assigned is that under the fact situation in the case, the plaintiff was guilty of contributory negligence as a matter of law. Without setting out the evidence, we conclude that under the record made, reasonable minds might disagree on this proposition, and therefore it was a question for the jury.

III. Error is assigned in the giving of instruction 10, which reads as follows:

"By a preponderance of the credible evidence is not necessarily meant the greater number of witnesses who may testify upon either side as to a given point, but the greater weight of the testimony, that is, the testimony which best satisfies your minds that it is true."

In the case of Bryan v. Chicago, R. I. & P. Ry. Co., 63 Iowa 464, 19 N. W. 295, we said on this question:

"The jury were directed that the burden rested upon plaintiff to establish the allegations of the petition by a preponderance of evidence, and in another instruction they were informed that she was required to prove her allegations 'by a fair preponderance of evidence.' The court therein informs the jury that 'by the term "preponderance of evidence" is meant testimony of such superior weight and convincing force as satisfies the mind of its truth.' This definition is clearly erroneous and misleading. * * * And, when a jury are informed that their verdict should accord with 'the preponderance of evidence,' they are simply directed that they should find for the party, upon any issue in the case, who adduces thereon the greatest quantity of credible evidence, as weighed in their own

minds. In weighing evidence, if any should not be entitled to belief, it should be cast out of the balance. Doubtful and uncertain evidence should be weighed for just what it is worth. When evidence is weighed according to the rules of the law, the preponderance is with that side in whose favor the scales of reason turn. The language used by the court conveys no idea connected with the quantity of evidence which would be regarded as a preponderance, but rather relates to the effect of evidence. * * * It is the duty of the jury to weigh this conflicting and equally credible evidence, and find for that side whereon the weight preponderates.

"The language of the court is capable of being understood as conveying the thought that the preponderance of evidence is found only when the mind is fully convinced of the truth of the testimony which controls the decision. This is incorrect. In civil cases, a fact may be found in accord with the preponderance of the evidence, and yet the mind may be left in doubt as to the very truth. The triers of an issue in such cases should, when doubts arise, find for the side whereon the doubts have less weight."

In the light of the rule announced in the Bryan Case, this instruction is erroneous. But the defendant cannot complain because the error is adverse to the plaintiff and not to the defendant, and it is therefore error without prejudice.

It is not raised, but in the light of a retrial of the case and our prior holdings, we might say in passing that this instruction is subject to another objection in the use of the word "satisfies" in the last line thereof. All that is required under the law is that the plaintiff prove his case by a preponderance of the evidence. It is correct to say that the jury must be satisfied by a preponderance of the evidence, but this part of the instruction places a greater burden upon the plaintiff than he is required to bear. The jurors' minds might not be "satisfied" with the truth of the evidence on either side of a case, yet the law requires that they shall weigh both sides and the side on which the weight of the evidence preponderates is entitled to the finding. That this is the rule in civil cases, see Turner v. Younker et al., 76 Iowa 258, 41 N. W. 10; Jerolman v. Chicago, G. W. Ry. Co., 108 Iowa 177, 78 N. W., 855; Rosenbaum Bros. v. Levitt, 109 Iowa 292, loc. cit. 296, 80 N. W. 393.

The instruction given should be revised in the light of these suggestions.

■ IV. It is next insisted that the court erred in an instruction where he said:

"An adequate signal device shall in all cases be sounded on approaching tops of hills on highways in the country where the operator's view is obscured. A violation of this statutory provision will constitute negligence."

This is practically a verbatim copy of the provisions of section 5043, Code 1927. It is urged that this instruction should not have been given, and with this contention we are disposed to agree, as we think this section has no application to the fact situation before us. The purpose of the provisions of the statute is to warn persons that a car is coming and to thus avoid collisions, but, be this as it may, in the light of the fact situation in this case, the top of this hill was over 256 feet from the point of the accident, and it is quite apparent that if the defendant failed to sound his horn on approaching the top of the hill, such failure could, under no circumstances, be considered as the proximate cause of the injury.

Some other questions are raised on which we do not pass for the reason that they are not likely to arise on a retrial of the case.

Because of the errors pointed out, the case is reversed.

STEVENS, C. J., and EVANS, KINDIG, and DE GRAFF, JJ., concur.