LEO E. PRIEST, Appellant, v. KATHERINE HOGAN, Appellee.

No. 42459.

NOVEMBER 20, 1934.

Chester J. Eller, for appellant.

Parrish, Cohen, Guthrie & Watters and M. B. Oransky, for appellee.

DONEGAN, J.—This case arises out of a collision between two automobiles at intersecting streets in the city of Des Moines. Plaintiff sued for damages to his automobile, and defendant answered and filed a counterclaim for damages to her automobile. On the trial of the case, the jury found for the defendant, but did not allow her anything on her counterclaim. Plaintiff appeals.

The errors alleged and argued go to the question of the correctness of certain instructions given by the court; to the alleged misconduct of appellee's attorney in propounding certain questions which it is claimed injected the question of insurance into the trial of the case, and the court's refusal to dismiss the jury and continue the cause because of the prejudice thus raised; and to the refusal of the court to apportion the costs.

 I. The court gave an instruction in regard to preponderance of the evidence which contains the following statement:

" * * * By a preponderance or greater weight of evidence, it is meant that the evidence offered and introduced in support thereof to entitle said party to a verdict, should when fully and fairly considered produce the stronger impression upon the mind and be more convincing as to its truth when weighed against the evidence introduced in opposition thereto."

Appellant claims that the use of the word "convincing" in this instruction is prejudicial because it conveys to the jury the thought that to find a preponderance of the evidence the jury must be convinced of the truth of the evidence. Appellant cites Heacock v. Baule, 216 Iowa 311, 249 N. W. 437, and Bryan v. Chicago, R. I. & P. Ry. Co., 63 Iowa 464, 19 N. W. 295, as sustaining this contention. In the Bryan case the jury was told, in substance, that by the term "preponderance of the evidence" is meant testimony of such superior weight and convincing force as *satisfies* the mind of its truth; and in the Heacock case the instruction complained of referred to the

greater weight of the testimony as the testimony which best *satisfies* the jury's mind that it is true. These instructions were held prejudicial because the jury might understand therefrom that the weight of the evidence would depend on the mind being satisfied, whereas the mind need not be satisfied with the evidence on either side, and the jury must still find the greater weight of the evidence. Appellant contends that the use of the word "convincing", in the instruction complained of, is subject to the same misinterpretation as the word "satisfies", in the instructions in the Bryan and Heacock cases. With this we do not agree. We think the word "convincing", as it appears in the instruction, was not used in the same manner, and would not be apt to be so misunderstood, as the word "satisfies", in the instructions in the Bryan and Heacock cases. It does not tell the jury that they must be convinced or satisfied of the truth of the evidence in order to find it of greater weight, but that the greater weight would be found with the evidence which, when fully and fairly considered, produced the stronger impression on the mind and was *more* convincing as to its truth. When the statement complained of is considered along with the whole instruction, we see no reason why it should cause any misunderstanding on the part of the jury as to the meaning of the term preponderance of the evidence or greater weight of the evidence.

II. Appellant complains of the acts of the court in overruling his objections to certain questions asked plaintiff in cross-examination. These questions had reference to the damage sustained by plaintiff's automobile, and called for an answer as to what amount of the cost of the repairs occasioned by such damage the plaintiff had paid. The final question asked plaintiff was, "How much are you paid as the result of the damage to this car?" This was objected to on the ground that it was incompetent, irrelevant, and immaterial to any issue in the case, and the objection was overruled. The witness answered, "How much am I out? I am out— I carry double policy $50.00." Plaintiff moved to strike, which was also overruled. Thereafter plaintiff moved to dismiss the jury and continue the cause on the ground of prejudice caused by misconduct of counsel in bringing the question of insurance before the jury. This motion was also overruled, and the case submitted to the jury. The court gave the following instruction:

"You are further instructed that whether or not plaintiff or defendant, or either of them, carried collision insurance subject to

certain deductions or otherwise, is wholly immaterial and should not be considered by you in arriving at your verdict in this case. You are, therefore, directed and instructed that any such evidence has been withdrawn from your consideration and you should, therefore, disregard any of such evidence and give it no consideration."

Appellant cites many cases in support of the contention that, where a party or counsel injects the question of insurance into a case, the trial court should protect the other party from the prejudice which thus arises, and that, upon being requested, a mistrial should be declared and a continuance given. .Appellee, on the other hand, contends that the cross-examination of which complaint is made was not for the purpose of injecting the matter of insurance, but for the legitimate purpose of learning what the loss was and what interest the plaintiff had in the loss; that the matter of insurance was not mentioned by the appellee, or even suggested by her or her counsel; that the word "insurance" was not used at all, and that the only reference to insurance was in the voluntary statement contained in the plaintiff's answer in which he referred to a "double policy". The questions here involved are such as are ordinarily within the discretion of the trial court, and, unless it is apparent that such discretion has been abused and that prejudice resulted, the ruling of the trial court will not be disturbed. Holub v. Fitzgerald, 214 Iowa loc. cit. 859, 860, 243 N. W. 575; Tissue v. Durin, 216 Iowa 709, loc. cit. 713, 246 N. W. 806. We have examined the record as to the portion of the cross-examination of the plaintiff in which it is claimed that the question of insurance was injected to plaintiff's prejudice, and we are unable to find in this examination that the question of insurance was thereby intentionally injected into the evidence by the attorney for appellee. The questions asked could have been answered without any reference to insurance, and the only reference to insurance is contained in a part of appellant's answer, which was not responsive to the question asked and which mentions a double indemnity policy. While we feel that any intentional injection of the question of insurance into a case for the purpose of prejudicing a jury should be severely reprimanded and dealt with, we do not feel justified, under the record in this case, in disturbing the ruling of the trial court.

III. Complaint is also made by appellant that the court in its instructions Nos. 4 to 11, inclusive, instructed the jury generally as to the law applying to plaintiff's right to recover under his

petition and to defendant's right to recover under her counterclaim, and then in instruction No. 12 instructed the jury separately as to the law covering plaintiff's right to recover under his petition, because he claims this method of instruction could only result in confusing the jury. We have examined the instructions concerning which complaint is made and find nothing therein, or in the method employed by the court in instructing the jury upon the issues involved, which, in our opinion, would amount to prejudicial error. We think the instructions cover the issues involved in the case and would readily be understood by the jury, and we see no reason for disturbing the verdict reached.

IV. The jury returned a general verdict in favor of the defendant, but did not allow defendant anything on her counterclaim, and the court taxed all the costs of the action to the plaintiff. The plaintiff filed a motion to retax the costs, which was overruled. Of this action of the court the appellant complains. Our statute, Code, section 11622, provides that costs shall be recovered by the successful party against the losing party. Section 11624 provides that:

"Where the party is successful as to a part of his demand, and fails as to part, unless the case is otherwise provided for, the court on rendering judgment may make an equitable apportionment of costs."

Appellant contends that, the appellee having failed on her counterclaim, it would be equitable to tax one-half of the costs to each of the parties. There is nothing in the record, however, to show, and appellant has not pointed out, what, if any, portion of the costs were incurred in prosecuting appellee's counterclaim as distinguished from supporting her defense to the plaintiff's petition. Under the verdict rendered, the appellee was the successful party, and we find no ground for disturbing the trial court's action in overruling the motion for a division of the costs. In our opinion, the cases cited by appellant do not support his contention.

For the reasons given in the opinion, the judgment of the trial court is hereby affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, and KINDIG, JJ., concur.